JUAN NIEVES ACEVEDO, Plaintiff and Appellee, v. PUERTO RICO WATER RESOURCES AUTHORITY, Defendant and Appellant.

No. R-66-107.    Decided June 27, 1968.

*José Antonio Arabía* and *Luis A. Lugo, Jr.*, for appellant.
*J. Córdova Rivera* and *J. Córdova Mercado* for appellee.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

PER CURIAM: Juan Nieves Acevedo filed an action for damages in the Superior Court, Arecibo Part, against the Puerto Rico Water Resources Authority, alleging that while he was rendering service as Insular Policeman in the road from Arecibo to Lares, on February 19, 1958, he came in contact with a cable, property of defendant, and suffered damages which he assessed at $10,000. Subsequently he amended his complaint to include, as a part of his claim, an accident suffered on May 4, 1958.[1]

After the corresponding hearing was held the trial court determined that defendant is liable for the damages suffered by plaintiff as a consequence of the first accident, but it was not liable for the injuries suffered by plaintiff as a consequence of the second accident.

The trial court found that:

"5. As a consequence of the foregoing facts, plaintiff suffered, on his left leg, under the knee, a contusion with hematoma, as well as a superficial burn in the same area of his body, his left leg having been weakened with the subsequent consequences to which we refer hereinafter."[2]

---

[1] In his amended complaint he alleged, that when he was returning to his work, partially disabled by reason of the functional disability of his injured leg he suffered another accident which caused him injuries in his body. Said accident consisted in that when wrestling with a delinquent, whom he was trying to arrest, he fell to the ground suffering injuries on his right shoulder and left leg.

[2] The trial court described plaintiff's physical condition, as a result of the injuries suffered in both accidents as follows:

"(a) Right shoulder: 25 to 30% limitation of functional use.

"(b) Left hip and leg: Traumatic arthritis in the hip and knee with 10 to 15% limitation of functional use and the consequential hypertrophic

Consequently, defendant was ordered to pay plaintiff the sum of $3,000 for the damages suffered.

Feeling aggrieved by the judgment rendered, defendant appeals to this Court assigning as the sole error, that:

"The trial court erred in determining that plaintiff had suffered two injuries and in evaluating them at $3,000, which evaluation is excessive and unreasonable."

In order to determine whether the conclusions of the judge as to the injuries suffered by plaintiff are correct as well as whether the amount is reasonable, it is convenient to examine the oral and documentary evidence offered at the hearing of the case.

First, there is a sworn statement offered by plaintiff the same day of the accident which indicates that he suffered a superficial burn. (Exhibit 1 of defendant.) There is also a certificate issued by Dr. Marqués who examined him on the day of the accident and his diagnosis was "Hematoma in the upper third external lateral aspect of the left leg." "Light prognostic."

At the hearing of the case plaintiff maintained that what he had suffered was a burn. (Tr. Ev. Plaintiff, 7, 32, and 33.)

Dr. José Ángel Martínez, who examined plaintiff on March 13, 1958, testified that the latter had a scar which had already healed outwardly, except in the center, where he had a second degree burn. (Tr. Ev. Plaintiff, 69.)

On the other hand, Dr. Félix A. Rodríguez Forteza (witness for defendant) testified that he examined plaintiff on November 18, 1960 and he found, among other things "a scar which had already healed completely forming a circle having a diameter of a one-half inch on the front side of the middle third of the left leg." (Tr. Ev. Defendant, 24.) As to the cause of the scar he indicated that it may have

changes attributable to the traumatic arthritis; scar without residual effects in the left leg under the knee; and traumatic arthritis in the left ankle." (Record, p. 13.)

been caused by a scraping of the skin, by a violent contusion on said area, an ulcer of the skin, or by a burn (p. 26). When examined by defendant's counsel as to whether a hematoma of the same size of the scar could be mistaken, when diagnosed, for a burn, he answered no, because in the hematoma the skin is perfectly healthy. The ecchymosis is a black-and-blue spot in the area where the contusion appears. By no means does he diagnose a hematoma as a burn. (Tr. Ev. Defendant, 41.)

From the foregoing it appears that the trial judge had sufficient evidence to maintain that plaintiff suffered a burn. However, irrespective of the certificate issued by the physician of the Insurance Fund, there was no other evidence to support that plaintiff had suffered a hematoma. It also appears from the foregoing that plaintiff suffered only one injury and not two.

In relation to the first accident the trial court concluded that plaintiff was submitted to medical treatment by the State Insurance Fund for some time, and was discharged without any apparent disability as a consequence of the injuries suffered.

As to the amount granted for the damages we understand that it is excessive since this is a small wound which was treated solely by applying an ointment and adhesive tape. After a month it had healed and the only trace left was a one-half-inch-diameter mark.

Consequently, the amount of the compensation will be reduced to $500, and the judgment as modified on review will be affirmed.[3]

---

[3] See *Toro* v. *P.R. & Am. Ins. Co.*, 87 P.R.R. 625 (1963); *Deynes* v. *Texaco (P.R.), Inc.*, 92 P.R.R. 215 (1965); *Baralt* v. *Báez*, 78 P.R.R. 115 (1955).